UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Plaintiff, | : | 3:10-CR-14 (JCH) |
| v. | : | |
| KERRY MARSHALL, | : | |
| Defendant. | : | SEPTEMBER 2, 2014 |

**RULING RE: MOTION TO CORRECT CLERICAL ERROR (Doc. No. 226)**

**I.   INTRODUCTION**

On July 7, 2014, defendant Kerry Marshall filed a Motion to Correct Clerical Error (Doc. No. 226).  Marshall appears to argue that the Judgment (Doc. No. 209) contains a clerical error mistakenly requiring him to pay his special assessment immediately instead of upon his release from prison.  The plaintiff, the United States of America, filed an Opposition to Defendant's Motion to Correct Clerical Error (Doc. No. 228), arguing that the Judgment contains no such clerical error and that Marshall is indeed required to pay his special assessment immediately.

For the reasons that follow, Marshall's Motion to Correct Clerical Error is **DENIED**.

**II.   BACKGROUND**

On May 13, 2011, a jury found Marshall guilty of twenty counts of bank fraud in violation of 18 U.S.C. sec. 1344 and one count of access device fraud in violation of 18 U.S.C. sec. 1029(a)(5).  Judgment at 1; Verdict Form (Doc. No. 133).  The court sentenced him to 71 months imprisonment followed by five years of supervised release. Judgment at 1.  The court also ordered Marshall to pay restitution of $90,572.85 with

1

payment commencing 30 days from Marshall's release from prison. Order of Restitution (Doc. No. 210) at 1. Additionally, the court was required to impose a special assessment of $100 for each offense, for a total of $2,100. Judgment at 2; Tr. 11/28/2011 (Doc. No. 217) at 86.

### III.   DISCUSSION

#### A.   The alleged clerical error.

Marshall argues that he is not required to pay the special assessment until 30 days after he is released from prison, which is when his payment of restitution is to commence. He therefore seeks to have the record modified to correct an alleged clerical error requiring him to pay his special assessment immediately so that it instead reflects that the payments are to commence after his incarceration.

Rule 36 of the Federal Rules of Criminal Procedure allows the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time after giving appropriate notice. The issue, then, is whether the record contains a clerical error that needs correcting.

When a defendant is convicted of a felony against the United States, the court is required to impose a special assessment of $100. 18 U.S.C. § 3013(a)(2)(A). This special assessment is to be paid "immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d); see also 18 U.S.C. sec. 3013(b) ("Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.").

Here, without objection from either party, the court stated it "must impose a special assessment of $100 on each of the counts. That totals $2,100." Tr. 11/29/2011 at 86.

Nothing more was said about the special assessment at the sentencing.  The Deputy Clerk reported that the special assessment of $2,100 was "to be paid immediately." Minute Entry, Sentencing (Doc. No. 207) at 1.  The Judgment confirms that the special assessment was not imposed with any unique terms.  Judgment at 2.  Nothing in the record indicates that the court opted out of 18 U.S.C. § 3572(d)'s default rule of immediate payment of special assessments; therefore, there is no clerical error in the record regarding the special assessment.

Marshall apparently argues that court's decision to delay payment of restitution until after imprisonment changes the due date of the special assessment.  However, section 3664(f)(2) of title 18 of the United States Code sets out the relevant considerations to determine "the schedule according to which[ ] the *restitution* is to be paid" (emphasis added).  Restitution payments and special assessments are distinct. Thus, the court's analysis and ultimate decision regarding the schedule for repayment of restitution is different from that of a special assessment.  Here, the court's decision to delay commencement of restitution payments until after imprisonment does not change the fact that the special assessment is to be paid immediately.

Moreover, "[t]he obligation to pay [a special] assessment ceases five years after the date of the judgment."  18 U.S.C. § 3013(c).  Obligation to pay restitution, on the other hand, remains with the defendant for at least 20 years.  See 18 U.S.C. § 3612 (including restitution in the provision for the enforcement and collection of fines); 18 U.S.C. § 3613(b) ("The liability to pay a fine shall terminate the later of 20 years from entry of judgment or 20 years after the release from imprisonment of the person fined . . . ."). Marshall was sentenced to 71 months imprisonment, which is almost six years.

3

Judgment at 1.  Thus, a special assessment to be paid in 71 months is no special assessment at all, assuming the defendant serves the full sentence.[1]  A delay of 71 months, however, leaves sufficient time for the 20-year timeframe for restitution payments.

Lastly, the requirement that Marshall pay the special assessment immediately is in the interest of justice.  See 18 U.S.C. § 3572(d)(1).  The purpose of the special assessment is to provide money to the Crime Victim's Fund.  See United States v. Munoz-Flores, 495 U.S. 385, 398 (1990); see also 42 U.S.C. § 10601(b)(2).  Marshall's payment of the special assessment immediately is in the interest of justice because it will contribute towards programs that assist crime victims.  The court fails to see any injustice in this result.

### B.   Marshall's problems with the Inmate Financial Responsibility Program.

Marshall argues that the Bureau of Prisons (the "Bureau") coerced him into participating in the Inmate Financial Responsibility Program (the "IRFP") in order to induce him to pay off his special assessment.  See Motion to Correct Clerical Error.  To the extent Marshall argues that the Bureau's conduct was improper because it forced him to pay his special assessment before it was due, his argument fails.  As discussed

---

[1]   Even if the court wanted to delay payment of the special assessment until Marshall's release from prison, such a payment schedule would be legally questionable.  "[I]mposition of a special assessment under section 3013 [is] mandatory[;] a sentence lacking such an assessment would . . . [be] illegal."  U.S. v. Pagan, 785 F.2d 378, 380 (2d Cir. 1996).  If a court sets the special assessment for repayment beyond the time frame in which the defendant is obligated to repay it, the court may be viewed as effectively circumventing the mandatory nature of the assessment.  Under this analysis, the court would likely be allowed to correct the record to require a sooner payment even if the court had originally orally stated that the special assessment was due in 71 months.  Cf. id. at 380–81 ("[A] trial court has the power to correct an illegal sentence. Although [a] correction should . . . be[] made in the defendant's presence, the trial court's failure to recall [a] defendant [is] harmless error because the assessment [is] mandatory and, therefore, the defendant's presence could not have affected its imposition." (internal citations omitted)).

above, Marshall's special assessment was due immediately at judgment. To the extent that Marshall has other complaints with the Bureau's conduct or the IRFP, those complaints are simply irrelevant to the instant motion.

## IV.  CONCLUSION

For the foregoing reasons, Marshall's Motion to Correct Clerical Error is (Doc. No. 226) is hereby **DENIED**.

**SO ORDERED.**

Dated this 2nd day of September, 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge